UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 24-24436-CIV-MORENO**

RAYMOND T. MAHLBERG,

        Plaintiff,

vs.

SAMSUNG ELECTRONICS AMERICA,
INC.,

        Defendant.

_____/

## <u>ORDER GRANTING MOTION TO DISMISS</u>

Plaintiff Raymond Mahlberg asserts a single claim for violations of the Americans with Disabilities Act against Defendant Samsung Electronics America, Inc. Specifically, Plaintiff alleges that Defendant is a public place of accommodation and that it engaged in unlawful discrimination by failing to design its website to interface with available technologies for visually impaired individuals. Defendant filed a Motion to Dismiss (**D.E. 10**) for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and failure to state a claim. The Court grants Defendant's Motion to Dismiss, holding that Plaintiff's Complaint fails to adequately allege that Samsung Electronics America, Inc. is the proper defendant in this action. Accordingly, the Complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff is a visually impaired individual seeking injunctive relief and alleging violations under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* In his Complaint, Plaintiff states that Defendant's website does not properly interact with screen reader software in a manner that allows the blind and visually impaired to enjoy the website. He explains that the Defendant's website includes a store locator feature and thus has a nexus to, and is an extension of, Defendant's physical stores. Plaintiff alleges that he has made several attempts to access Defendant's stores, but was unable to do so. Defendant argues, amongst other things, that it is not the owner or operator of the only named store in the Complaint, which is located at the Dolphin Mall.

## LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 664. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief.

**DISCUSSION**

Defendant argues that if the Court were to go "to the website that is at the center of this lawsuit, it [would] find that [Defendant] operates only five Samsung experience stores in the United States. [] None are in Florida, let alone Miami Dade." (D.E. 10, p. 6). Plaintiff responds that Defendant in fact owns two stores located in South Florida—the Dolphin Mall store named in the Complaint, and a Samsung experience store in Sawgrass Mills.

To support this contention, Plaintiff attached an exhibit from Sunbiz, the official website of the Florida Department of State Division of Corporations that allows individuals to conduct searches for existing registered businesses in Florida. The Sunbiz exhibit demonstrates that Samsung Electronics LatinoAmerica Miami has offices in Miami. But Samsung LatinoAmerica Miami is not a named Defendant in this action, and Plaintiff fails to provide any facts in his Complaint to establish either that the named Defendant owns the Dolphin Mall store named in the Complaint, or that Defendant owns Samsung Electronics LatinoAmerica Miami. In short, Plaintiff does not provide enough well-pleaded factual allegations for this Court to find that Defendant owns and operates the only named store in the Complaint.

Plaintiff offers in his response—and Defendant does not dispute in its reply—that Defendant owns a Samsung experience store located in Sawgrass Mills. This may be true, especially given that Defendant seems to acknowledge in its motion that it indeed owns and operates several other Samsung experience stores. However, this allegation was not properly raised because it is embedded in Plaintiff's response brief rather than in his Complaint. *See Mitchell v. Thompson*, 564 F. App'x 452, 458 (11th Cir. 2014) (refusing to consider allegations raised in response to motion to dismiss because plaintiff never moved to amend complaint to add allegations); Fed. R. Civ. P. 8; Fed. R. Civ. P. 15(a). Accordingly, Plaintiff has failed to state a

claim under Title III of the Americans with Disabilities Act, as the Act only allows recovery from the public accommodation that engaged in discrimination. *See generally* 42 U.S.C. §§ 12181–12189.

### CONCLUSION

For the reasons stated above, it is

**ADJUDGED** that the Motion to Dismiss is **GRANTED**. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE**. It is further

**ADJUDGED** that Plaintiff is granted leave to file an Amended Complaint, which he must do no later than **August 5, 2025**. The Amended Complaint must either (1) include relevant factual allegations supporting that Plaintiff sought to visit a store owned by Defendant, or (2) substitute and/or add the proper defendant who owns the Samsung store located in the Dolphin Mall. In other words, if Plaintiff decides to keep Defendant as a party to this action, Plaintiff must provide enough factual allegations for the Court to determine that Defendant owns or operates any public accommodation that engaged in discrimination. Should Plaintiff fail to timely file an Amended Complaint, the Court will direct the Clerk of Court to close the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd of July 2025.

_____
    FEDERICO A. MORENO
    UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

4